**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Holding a Criminal Term

Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| MARLON HAIGHT, | : | VIOLATIONS: |
| | : | 21 U.S.C. § 846 |
| Defendant. | : | (Conspiracy to Distribute and Possess |
| | : | with Intent to Distribute 28 Grams or |
| | : | More of Cocaine Base, Cocaine, and |
| | : | Marijuana) |
| | : | 21 U.S.C. § 841(a)(1) and |
| | : | § 841(b)(1)(B)(iii) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute 28 Grams or More of Cocaine |
| | : | Base) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Cocaine) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Marijuana) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | 18 U.S.C. § 924(c)(1) |
| | : | (Using, Carrying, and Possessing a |
| | : | Firearm During a Drug Trafficking |
| | : | Offense) |
| | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 21 U.S.C. §§ 853(a) and (p) and |
| | : | 28 U.S.C. § 2461(c) |

**I N D I C T M E N T**

The Grand Jury charges that:

## COUNT ONE

Beginning in or about the summer of 2013 and continuing up to and including November 20, 2014, within the District of Columbia and elsewhere, **MARLON HAIGHT**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 28 grams or more; a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance; and a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(B)(iii); 841(b)(1)(C); and 841(b)(1)(D).

> (**Conspiracy to Distribute and Possess with Intent to Distribute 28 Grams or More of Cocaine Base, Cocaine, and Marijuana**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about November 20, 2014, within the District of Columbia, **MARLON HAIGHT**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 28 grams or more.

> (**Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii))

**COUNT THREE**

On or about November 20, 2014, within the District of Columbia, **MARLON HAIGHT**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

(**Unlawful Possession with Intent to Distribute Cocaine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

**COUNT FOUR**

On or about November 20, 2014, within the District of Columbia, **MARLON HAIGHT**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(**Unlawful Possession with Intent to Distribute Marijuana**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D))

**COUNT FIVE**

On or about November 20, 2014, within the District of Columbia, **MARLON HAIGHT**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2001-FEL-6415 and 2000-FEL-1784, did unlawfully and knowingly receive and possess a firearm, that is, a Walther, .40 caliber semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

**COUNT SIX**

On or about November 20, 2014, within the District of Columbia, **MARLON HAIGHT**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is Counts One through Four of this Indictment which are incorporated herein, a firearm, that is, a Walther, .40 caliber semi-automatic pistol.

(**Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Section 924(c)(1))

**COUNT SEVEN**

On or about December 23, 2014, within the District of Columbia, **MARLON HAIGHT**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(**Unlawful Possession with Intent to Distribute Marijuana**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D))

**COUNT EIGHT**

On or about December 23, 2014, within the District of Columbia, **MARLON HAIGHT**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2001-FEL-6415 and 2000-FEL-1784, did unlawfully and knowingly receive and possess a firearm, that is, a Glock, .45 caliber semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition,

4

that is, .45 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will also seek a forfeiture money judgment equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

2. Upon conviction of the offense alleged in Counts Five, Six and/or Eight of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a Walther, .40 caliber semi-automatic pistol and .40 caliber ammunition.

3.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a)  cannot be located upon the exercise of due diligence;

   (b)  has been transferred or sold to, or deposited with, a third party;

   (c)  has been placed beyond the jurisdiction of the Court;

   (d)  has been substantially diminished in value; or

   (e)  has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C.§ 853(p), as incorporated by 28 U.S.C. § 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 924(d), Title 21, United States Code, Sections 853(a) and (p) and Title 28, United States Code, Section 2461(c))

A TRUE BILL:


FOREPERSON.


Acting Attorney of the United States
in and for the District of Columbia.